**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMELL SMALLWOOD,** | : | **CIVIL ACTION NO. 1:25-CV-2561** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF FCI-SCHUYLKILL,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Jamell Smallwood, argues that the United States Bureau of Prisons is improperly refusing to apply credits towards his sentence that he has earned under the First Step Act ("FSA"). The petition will be dismissed for Smallwood's failure to exhaust administrative remedies.

## I.     Factual Background & Procedural History

Smallwood is serving a federal criminal sentence imposed by a different judge in this district. (Doc. 8-3 at 3). He is housed in Schuylkill Federal Correctional Institution ("FCI-Schuylkill"). His current projected release date via good conduct time is March 17, 2028. (Id.)

Smallwood filed the instant petition on December 30, 2025, arguing that the BOP is improperly denying him FSA credits towards his sentence pursuant to an administrative policy that purportedly violates the statute. (Doc. 1). Respondent responded to the petition on February 13, 2026, arguing that it should be dismissed for failure to exhaust administrative remedies, or, alternatively, denied on its

merits. (Doc. 8). Smallwood has not filed a reply brief, and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for review.

## II.    <u>Discussion</u>

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. <u>See</u> <u>Callwood v. Enos</u>, 230 F.3d 627, 634 (3d Cir. 2000) (citing <u>Schandelmeier v. Cunningham</u>, 819 F.2d 52, 53 (3d Cir. 1986)); <u>Moscato v. Fed. Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." <u>Id.</u> at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. <u>See</u> 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. <u>Id.</u> §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. <u>Id.</u> § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. <u>See</u> <u>Moscato</u>, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. <u>See</u> <u>Vasquez v. Strada</u>, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing

Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Smallwood's petition should be dismissed for failure to exhaust administrative remedies because he did not file any administrative remedy requests regarding his claim prior to filing this case. (Doc. 8 at 9-10). Respondent has produced evidence to support this assertion. (Docs. 8-2, 8-4). Smallwood has not produced any contrary evidence nor advanced any argument to refute this conclusion. Accordingly, his petition will be dismissed for failure to exhaust administrative remedies.

## III.   Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   March 23, 2026